MR. JUSTICE DAY
delivered the opinion of the Court.
This is an original proceeding brought by Arapahoe County School District No. 6.
We issued an order to the Director of the Division of Labor to show cause why he should not be prohibited from asserting jurisdiction over a labor dispute between said school district and the Littleton Education Association representing classroom teachers and counselors in the district.
By the petition for the writ of prohibition it was shown to this court through an exhibit attached thereto that the Director of Labor had assumed full jurisdiction of the controversy between the parties and was proceeding to determine the dispute under an order issued by him on September 17, 1975. This assumption of jurisdiction was issued when there had been filed in this court and pending here an appeal of a district court judgment involving the identical matters over which the Director of Labor was attempting to assert jurisdiction.
The Director of the Division of Labor has now made his response to our show cause order. In it he has attached a new order recognizing the pendency of the appeal in this court and finding as follows:
“The Ex-Officio Director finds that continued jurisdiction by the Division of Labor over the above referenced labor dispute might be inimical to the interests of the parties in the labor dispute and might well be contrary to the interests of the Division of Labor which intends to file an Amicus Brief (pursuant to the directive of Findings of Fact, Conclusions of Law, Recommendations and Order of August 29, 1975, of the Director of the Division of Labor, in the said Division’s labor dispute No. TD-2-75) in the Supreme Court proceeding being Littleton Education Association v. Arapahoe County School District No. 6, et al, No 26963.”
The Director then entered an order rescinding his order of September 17, 1975, and ordered further “. . . that jurisdiction over the subject matter of this labor dispute be, and the same hereby is, terminated ....’'
*88 The writ having been directed to an order which is now vacated and the Director of Labor no longer exercising jurisdiction in the matter renders the subject matter of the writ of prohibition heretofore issued moot.
Accordingly, the rule is discharged.
MR. JUSTICE GROVES does not participate.